85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvyn Jose MARTINEZ-MANZANAREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 94-70882, Azy-zga-huv.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1996.*
Decided May 10, 1996.
 
 Before: SNEED, NORRIS, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvyn Jose Martinez-Manzanarez ("petitioner"), a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's denial of his application for political asylum. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition.
 
 FACTS
 
 3
 Petitioner claims that as a fourteen-year old living in the town of El Viejo, Nicaragua in 1984, he was active in the Christian Democratic Party, for which he circulated pamphlets in support of the party, and participated in three demonstrations. During one of these demonstrations, several of petitioner's friends were arrested and at least one person was killed by either the Sandinista police or Sandinista sympathizers. Petitioner himself was never arrested or physically harmed by the Sandinistas.
 
 
 4
 In early 1985, petitioner obtained an exit visa, traveled to Honduras to study, and remained there for four years. After consulting with an attorney, who convinced him that he could not obtain permanent residence in Honduras and that he would be required to return to Nicaragua, petitioner decided to immigrate to the United States, and did so without inspection near Brownsville, Texas on February 20, 1989. He was apprehended soon afterward. Deportation proceedings were begun in Laredo, Texas, and transferred to San Francisco, where petitioner had moved after entering this country.
 
 
 5
 At the immigration hearing, petitioner conceded on direct examination that an anti-Communist government had been elected in Nicaragua, but stated his belief that the Sandinistas were still in control of the military and police, and that the new government could not assure his safety in Nicaragua. He testified that his family held positions in The National Union Opposition ("UNO"), the party of Nicaragua's new president, Violeta Chamorro, for which they kept records of everyone in the party. Petitioner testified that in August 1990, four months after the election of Chamorro, there was a large demonstration in El Viejo, during which his parents were accused of buying votes for Chamorro and their house was stoned. These attacks allegedly came at the hands of the "divine mobs"--groups of Sandinista sympathizers--and the police allegedly did nothing to stop the violence.
 
 
 6
 The Immigration Judge denied petitioner's application for withholding of deportation and application for political asylum. The BIA affirmed. Petitioner appeals only the BIA's denial of asylum based on its holding that he did not have a well-founded fear of persecution.
 
 DISCUSSION
 
 7
 We review the BIA's denial of asylum for abuse of discretion. Ramos-Vazquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The BIA's denial of asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4); INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Factual findings underlying the decision, including whether the alien has proven a well-founded fear of persecution, are reviewed for substantial evidence. Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995). Petitioner "must demonstrate 'that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Id. (quoting Elias-Zacarias, 502 U.S. at 483).
 
 
 8
 The BIA did not improperly take administrative notice of changed circumstances in Nicaragua in contravention of Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992). The BIA merely noted in its opinion that a new coalition government had been elected in 1990, and concluded that "there exists from the record before us no likelihood of persecution in the future in view of the change of government in Nicaragua." A.R. at 4. Petitioner himself raised on direct examination the fact that a new government had been in elected in Nicaragua, and he had a full opportunity to present whatever evidence he thought necessary to demonstrate that he would likely be subjected to persecution in Nicaragua despite the new government. What petitioner characterizes as the BIA's impermissible taking of administrative notice is merely a fact-based conclusion with which petitioner disagrees.
 
 
 9
 Substantial evidence supported the BIA's conclusion that petitioner was not eligible for asylum. Under 8 U.S.C. § 1158(a), the Attorney General has discretion to grant political asylum to any alien she determines to be a "refugee" under 8 U.S.C. § 1101(a)(42)(A). A "refugee" is defined as any alien "who is unable or unwilling to return to ... [his native] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).
 
 
 10
 Petitioner argues that by failing to mention in its opinion the alleged attacks on his family after Chamorro's election, the BIA abused its discretion. If the BIA "fails to consider factors that are relevant to the asylum application, it abuses its discretion." Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). It this case, however, the BIA did not exercise its discretion in denying asylum relief; rather, the BIA specifically concluded that petitioner was statutorily ineligible for discretionary asylum relief because he did not have a well-founded fear of persecution. A.R. at 2.
 
 
 11
 There was substantial evidence to support the BIA's finding that petitioner had not suffered persecution and did not have a well-founded fear of persecution. "Persecution has been defined as 'the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive.' " Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (internal citations omitted). While brief detention does not necessarily constitute persecution, detention combined with physical attacks may in some instances amount to persecution. Id.
 
 
 12
 Petitioner's involvement in the Christian Democratic Party was apparently limited. His activities consisted of distributing pamphlets, encouraging friends to vote for the party, and participating in demonstrations. Though petitioner attended one demonstration at which he claims at least one person was killed and several of his friends were arrested, petitioner himself was never detained or physically abused while in Nicaragua. Just a few months after the demonstration, he was able to obtain an exit visa and leave Nicaragua to study in Honduras. There was substantial evidence in the record to support the BIA's finding that petitioner did not suffer past persecution.
 
 
 13
 Petitioner bases his alleged well-founded fear of future persecution in Nicaragua on his belief that the Chamorro government is unable to control the Sandinista military or police force, or unable or unwilling to protect him from Sandinista mobs. Specifically, he points to an incident four months after Chamorro's election in which his parents' house was stoned, and his parents were accused of buying votes. Even if these attacks constituted persecution, the attacks are not sufficient to establish a well-founded fear of persecution on the part of petitioner.
 
 
 14
 While we have "held that acts of violence against a petitioner's friends or family members may establish a well-founded fear, notwithstanding an utter lack of persecution against the petitioner herself[,] [w]e have required ... that this violence create a pattern of persecution closely tied to the petitioner. Allegations of isolated violence are not enough."
 
 
 15
 Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995) (quoting Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991)). In addition to being an apparently isolated incident, the violence against petitioner's parents was not closely tied to him. The attack on the house apparently came in response to his parents' activities on behalf of UNO during the 1990 election, held some five years after petitioner left Nicaragua, and was not caused by petitioner's own political activities. The attack had nothing to do with the possibility that an individual who was involved with the Christian Democratic Party in 1984 would face persecution in Nicaragua many years later. There was substantial evidence to support the BIA's finding that petitioner did not have a well-founded fear of persecution.[1]
 
 CONCLUSION
 
 16
 For the foregoing reasons, the petition for review of the BIA's decision is denied.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The fact that petitioner was able to acquire a passport through regular channels and leave Nicaragua without interference also weighs against a finding that he has a well founded fear of persecution. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988); Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987)